SCAD-16-0000037

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

LANCE CASTROVERDE,
Respondent.

---

ORIGINAL PROCEEDING
(ODC CASE NO. 14-003-9146)

ORDER OF DISBARMENT
(By: Recktenwald, C.J., Nakayama, Pollack, and Wilson, JJ.,
and Intermediate Court of Appeals Associate Judge Ginoza,
in place of McKenna, J., recused)

Upon consideration of the January 21, 2016 report submitted to this court by the Disciplinary Board of the Supreme Court of the State of Hawai'i and the record, we find and conclude, by clear and convincing evidence, that the record supports the Board's Findings of Fact, with the exception that we find a portion of the Board's Finding of Fact No. 17 is clearly erroneous, insofar as a review of the record demonstrates Respondent Lance Castroverde included the notation "CFT Loan" on the relevant checks, not "ACFT Loan" as found by the Board.  See

Dockets 1:12, 3:298, 302, 306-07, 309, 311, 327, 329, 336-37, 343-44, 347, 368, 371.

We conclude by clear and convincing evidence that Respondent Castroverde violated the following provisions of the Hawaiʻi Rules of Professional Conduct (HRPC) (1994) through the following conduct:

Respondent Castroverde engaged in prohibited conflicts of interest with multiple clients, representing three separate violations of HRPC Rule 1.7(a), by representing both the sellers and the buyers of the home at 722 Lalani Circle, in Wailuku, Maui, including by drafting and overseeing the execution of the Agreement of Sale, where the interests of the parties were directly adverse to each other and it was not reasonable for Respondent Castroverde to believe the representation of each party would not adversely affect his relationship with the other party and where, even if such a belief were reasonable, he did not obtain the consent of the parties after consultation; again by engaging in the same conduct in drafting and executing the "Collection Agreement and Holding Agreement for Agreement of Sale" (hereinafter, the "Collection and Holding Agreement"); and again by overseeing the administration of the Collection and Holding agreement.

We conclude Respondent Castroverde violated HRPC Rule

1.7(b) by representing the sellers and the buyers as a result of an introduction by the Principal at TLI, <u>a mortgage broker</u>, when it was unreasonable to believe the representations would not be adversely affected by Respondent Castroverde's pre-existing relationship with, and responsibilities to, the Principal of TLI, who was Respondent Castroverde's client and with whom Respondent Castroverde was involved in the personal lending of funds, and where Respondent Castroverde did not obtain the consent of the sellers or the buyers after consultation, even if it had been reasonable to believe there would be no adverse effect.

We conclude Respondent Castroverde misappropriated client funds, in violation of HRPC Rule 1.15(c), by removing from his client trust account, between November 30, 2007 and December 18, 2007, at least $6,258.91 of the buyers' funds to which he was not entitled, removing between December 18, 2007 and January 25, 2008 at least $12,912.91 of the buyers' funds to which he was not entitled, removing from his client trust account, by a December 3, 2007 check, the "base collection fee portion of the Initial Reserve" (being account fees for 12 months, at $104.17 per month) and the "account costs portion of the Initial Reserve" (being account costs for 12 months, of $5.00 per month), in violation of the aforementioned Collection and Holding Agreement, which required those funds to be held in trust as a reserve.

We conclude Respondent Castroverde violated HRPC Rule

3

1.5(a) by charging an unreasonable fee as follows: Pursuant to HRS § 449-3 (1996), Respondent Castroverde, as an attorney, was exempt from the regulation of escrow deposits if he did not charge an escrow fee. However, we find Respondent Castroverde did charge an escrow fee, as the buyers paid Respondent Castroverde $10,625.00 to arrange the transaction and escrow, and paid monthly charges of $104.17 and $5.00 to administer the escrow. By charging said fee, Respondent Castroverde was obligated to comply with the requirements of HRS Ch. 449 and, as he did not comply with those requirements and therefore could not justify the escrow fees he charged, those fees were unreasonable, in violation of HRPC Rule 1.5(a).

In the Collection and Holding Agreement, Respondent Castroverde agreed to provide both parties periodic reports when appropriate, including an annual report, but did not, and, therefore, did not timely render accounts to any of the parties concerning the funds held in trust, in escrow, in violation of HRPC Rule 1.15(f)(3).

Respondent Castroverde did not record the Agreement of Sale with the Bureau of Conveyances, which was necessary to protect the rights and interests of the buyers, conduct which we conclude rises to the level of incompetence, in violation of HRPC Rule 1.1.

In addition, we conclude Respondent Castroverde's

4

failure to record the Agreement of Sale with the Bureau of Conveyances assisted his client in successfully obtaining, through the Principal at TLI, a mortgage on the property under false pretenses, in violation of HRPC Rules 1.2(d) and 8.4(c), and that Respondent Castroverde failed to otherwise disclose the Agreement of Sale to the new mortgagee, thereby violating HRPC Rule 4.1(b). We note Respondent Castroverde specifically referenced the potential for said mortgage in the Agreement of Sale which he drafted for the parties.

As required by the Collection and Holding Agreement, Respondent Castroverde provided the sellers with interest payments from funds paid by the buyers to Respondent Castroverde, but Respondent Castroverde's checks to the sellers characterized the funds as interest on a loan from a Castroverde Family Trust, a false notation requested by the sellers in order to meet income requirements to obtain a loan concerning other property in Wailuku. By placing the false notations on the checks provided by him to the sellers, Respondent Castroverde violated HRPC Rules 1.2(d) and 8.4(c).

With regard to a loan from the sellers to Respondent Castroverde of the $50,000.00 down payment held in Respondent Castroverde's client trust account, Respondent Castroverde violated HRPC Rule 1.8(a) by engaging in a business transaction with the sellers where the transaction and terms on which

5

Respondent Castroverde acquired an interest were not fair or reasonable to the sellers, where the loan was made without giving the sellers a reasonable opportunity to seek the advice of independent counsel regarding the transaction, and where Respondent Castroverde did not obtain from his clients, the sellers, written consent to the inherent conflicts.

By misappropriating all but, at most, $5.17 of the $50,000.00 for his use and benefit, Castroverde violated HRPC Rule 1.15(c).

With regard to a separate $61,000.00 loan made by one of the sellers to Respondent Castroverde, Respondent Castroverde violated HRPC Rule 1.8(a) by entering into the $61,000.00 loan transaction with his client, the seller, where the transaction and its terms were not fair and reasonable to the seller, where Respondent Castroverde did not fully disclose in writing to the client the transaction or its terms, and did not provide the client with a reasonable opportunity to consult independent counsel concerning the transaction.

By misappropriating all but, at most, $5.17 of the borrowed $61,000.00, Respondent Castroverde violated HRPC Rule 1.15(c).

Finally, with regard to the documents requested by the Office of Disciplinary Counsel (ODC) in its investigation of the above conduct, and not subsequently provided by Respondent

6

Castroverde, we conclude that Respondent Castroverde violated HRPC Rules 8.1(b) and 8.4(d) by failing to provide upon request (1) a copy of the Castroverde Family Trust, (2) checks from a Castroverde Family Trust account and related deposit slips which demonstrate transfers from the trust to Respondent Castroverde's client trust account were made to pay the interest on the two loans discussed above, (3) subsidiary ledgers for client funds during the relevant period, and (4) quarterly lists of all client funds held in trust, the grand total of which agreed with the reconciled balance of Respondent Castroverde's client trust account.

We conclude that, by failing to maintain subsidiary ledgers for client funds for six years after the employment to which they related, Respondent Castroverde violated HRPC Rule 1.15(g)(2) and that, by failing to maintain for six years after the representation to which they related the quarterly listings of his client trust accounts, the grand total of which agreed with his reconciled client trust account, Respondent Castroverde violated HRPC Rule 1.15(g)(9).

We adopt the Board's recommended aggravating and mitigating factors with two exceptions. We find Respondent Castroverde had substantial experience in the practice of law, acted with a dishonest or selfish motive, in a pattern of misconduct in which he committed multiple offenses. He engaged

7

in bad faith obstruction of the disciplinary process by avoiding service of process, refused to acknowledge the wrongful nature of his conduct, and is indifferent to making restitution. However, insofar as this court has found violations of HRPC Rules 8.1(b) and 8.4(d), we decline to adopt ABA Standard 9.22(e) in aggravation and, insofar as ODC did not successfully establish, clearly and convincingly, that Respondent Castroverde knew the falsity of the promises made to provide documentation at the time he made the relevant statements, we decline to adopt ABA Standard 9.22(f) in aggravation.

We concur with the Board that Respondent Castroverde's conduct was knowing and intentional and, under Standard 4.11 of the American Bar Association's Standards for Lawyer Discipline, his conduct warrants disbarment. We adopt the conditions recommended by the Board to be placed upon any future reinstatement sought by Respondent Castroverde. Therefore,

IT IS HEREBY ORDERED that Respondent Lance Castroverde is disbarred from the practice of law in this jurisdiction, effective 30 days after the date of entry of this order, pursuant to Rule 2.16(c) of the Rules of the Supreme Court of the State of Hawai'i (RSCH).

IT IS FURTHER ORDERED that Respondent Castroverde shall, in accordance with RSCH Rule 2.16(d), file with this court within 10 days after the effective date of his disbarment, an

8

affidavit showing compliance with RSCH Rule 2.16(d) and this order.

IT IS FURTHER ORDERED that, as a condition of any future reinstatement of his license to practice law in this jurisdiction, in addition to any other requirement imposed by RSCH Rule 2.17, Respondent Castroverde shall repay all misappropriated funds as detailed in the Findings of Fact and Conclusions of Law in this matter, shall complete training in the proper handling of client funds as set forth in the Hawaiʻi Rules of Professional Conduct and the Hawaiʻi Rules Governing Trust Accounting, shall take and pass the Hawaiʻi bar examination, and shall submit proof of the foregoing appended to any petition for reinstatement.

IT IS FINALLY ORDERED that Respondent Castroverde shall pay all costs of these proceedings as approved upon the timely submission of a bill of costs and an opportunity to respond thereto, as prescribed by RSCH Rule 2.3(c).

DATED: Honolulu, Hawaiʻi, April 21, 2016.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Richard W. Pollack

/s/ Michael D. Wilson

/s/ Lisa M. Ginoza



9